**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| VICTORIA SOBOLESKI, | ) | |
| *on behalf of herself and* | ) | Civil Action No.: 25-cv-11856 |
| *others similarly situated*, | ) | |
| | ) | Class Action Complaint |
| Plaintiff, | ) | |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| DISPO HOLDINGS LLC | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**JOINT DISCOVERY PLAN/CASE MANAGEMENT ORDER**

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's August 14, 2025

Order (ECF No. 7), counsel for the parties submit the following discovery plan.

1. **Statement of the Case**:

   Plaintiff's Statement of the Case: Plaintiff Victoria Soboleski ("Plaintiff" or "Ms.

Soboleski") took the affirmative step of registering her telephone number on the National Do Not

Call Registry, which is designed to prevent the receipt of unwanted telemarketing calls. Despite

her registration, the defendant Dispo Holdings LLC ("Dispo Holdings" or "Defendant") placed

telemarketing call text messages to her residential cellular telephone number. Based on the

automated and unsolicited nature of the communications the Plaintiff has sought to represent the

following putative class:

> All persons throughout the United States (1) who did not provide their telephone
> number to Dispo Holdings LLC, (2) to whom Dispo Holdings LLC delivered, or
> caused to be delivered, more than one voice message or text message within a 12-
> month period, promoting Dispo Holdings LLC goods or services, (3) where the
> person's residential or cellular telephone number had been registered with the
> National Do Not Call Registry for at least thirty days before Dispo Holdings LLC
> delivered, or caused to be delivered, at least two of the voice messages or text

1

messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

Defendant's Statement of the Case:

Defendant denies the Plaintiff's Statement of the Case and that there exists a class.

1.      Plaintiff's claims may be barred due to prior express written consent from Plaintiff.

2.      Plaintiff's claims may be barred based on lack of jurisdiction.

3.      Plaintiff's claims may fail due to lack of standing.

4.      Plaintiff's claims may be barred use of non-automated dialing systems.

5.      Plaintiff's claims may be barred due to Defendants relationship to any telemarketing  campaign was too distant to hold them liable under the TCPA.

6.      Plaintiff's claims may be barred by the statutory safe harbor provisions.

7.      Plaintiff's Complaint fails, in whole, or in part, to state a claim against Defendants upon  which relief can be granted.

8.      Plaintiff, and others in privity with it, if any, by their acts, representations, and/or omissions and those of its authorized agents, officers and employees, are estopped and/or have waived their right to some or all of the damages and relief sought.

9.      Plaintiff has consented to, participated in, approved of, acquiesced in and/or ratified the acts and/or events which allegedly form the basis of the relief sought by Plaintiff.

10.     Plaintiff's claims may be barred by lack of class certification.

11.     The instant litigation and/or the claims asserted by Plaintiff, to the extent supported by the facts as determined through discovery, are or may be barred in whole or in part by the applicable statute of limitations, statute of repose and/or doctrines of waiver, estoppel and laches.

2

12.     As discovery has yet to commence in this case, Defendant is unaware of any other affirmative or special defenses which may apply and therefore Defendant hereby reserves the right to raise, plead and amend its Affirmative Defenses to include any other affirmative defenses or other matters of defense, counterclaim, cross-claims, or claims against third parties, which become known to it through the course of discovery, further investigation or otherwise, or as further facts and circumstances may disclose and warrant, up to the time of trial.

2.  **Principal Factual and Legal Issues**

- Whether the calls constitute telemarketing;

- Whether the Defendant had prior express written consent under the TCPA;

- Whether the Plaintiff can satisfy Fed. R. Civ. P. 23;

3.  **Case Schedule**

The parties propose the following case schedule:

| EVENT | DEADLINE |
|---|---|
| Exchange of Initial Disclosures under Fed. R. Civ. P 26(a)(1) | September 3, 2025 |
| Deadline for Amendments to Pleadings and Joinder of Parties | January 2, 2026 |
| Parties' Expert Disclosure | May 4, 2026 |
| Deadline for Expert Depositions | June 1, 2026 |
| Rebuttal Expert Reports | June 22, 2026 |
| All Discovery Ends | July 24, 2026 |
| Deadline for facilitation notification | July 24, 2026 |
| Deadline for submission of Plaintiff's motion for class certification | August 17, 2026 |
| Deadline for submission of Defendant's motion for summary judgment | August 24, 2026 |

3

| Rule 16 Conference to Discuss Remaining Case Schedule and Set a Trial Date | Set at the Court's Discretion Following a Decision on Class Certification and/or Summary Judgment |
|---|---|

4. **Discovery**:

Pursuant to Federal Rule of Civil Procedure 26(f)(3)(B), the parties have commenced discovery on the claims and defenses at issue.

Plaintiff anticipates seeking from parties and non-parties written and oral discovery including but not limited to (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing; (3) ESI related to any purported consent to receive calls; (4) ESI regarding the dialing systems used to make the calls at issue; (5) contracts and other documents relating to the relationships among Defendant their third-party affiliates and/or other entities and individuals involved in generating purported leads to receive the telemarketing calls at issue; (6) Defendant's policies and procedures concerning TCPA compliance; and (7) telemarketing complaints received by Defendant and their responses thereto.

5. **Assertion of Claims of Privilege or Work-Product Immunity After Production**:

The parties do not anticipate any issues regarding claims of privilege or of work product protection.  The Parties intend to submit a proposed protective order within 30 days that will address claw back of any privileged or trial preparation materials under FRE 502(d) and the labeling and handling of any confidential, proprietary and/or financial information.

6. **Alternative Dispute Resolution**:

The parties acknowledge that if they attend a private mediation, they will provide the Court with the mediator's contact information along with the date of the mediation in advance. The parties also acknowledge that the Court reserves the right under Local Rule 16 to order alternative

dispute resolution, and recommend that this case be submitted to the following method(s) of alternative dispute resolution:

The parties believe that private mediation may be appropriate as this case proceeds and do not seek a referral for a settlement conference.

7. **Jury or Non-Jury**:

This case is to be tried before a jury because Plaintiff timely demanded a jury trial. The parties will submit their proposed Jury Instructions 28 days before the final pretrial conference.

8. **Length of Trial**:

Counsel estimate the trial will last approximately 6 days total, lasting from 8:30 a.m. to 2:00 p.m. each day, allocated as follows:

- 3 days for Plaintiff's case
- 3 days for Defendant's case

Dated: August 29, 2025       PLAINTIFF, on behalf of herself
and others similarly situated,


*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com


DEFENDANT

THE PRIVATE FIRM, PLLC

*/s/ Brian D. Harrison*
By:  Reese Serra, Esq. (P74482)
    Brian D. Harrison (P58513)
Attorneys for Defendant
125 East Third Street

5

Rochester, Michigan 48307
(248) 781-4500
info@theprivatefirm.net
brian@theprivatefirm.net