**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| VICTORIA SOBOLESKI, | ) |
| *on behalf of herself and* | )Civil Action No.: 2:25-cv-11856 |
| *others similarly situated*, | ) |
| | ) |
| Plaintiff, | ) |
| | )Jury Trial Demanded |
| v. | ) |
| | ) |
| DISPO HOLDINGS LLC, | ) |
| DISPOJOY LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MOTION FOR ALTERNATE SERVICE**

Plaintiff Victoria Soboleski ("Plaintiff"), by counsel, respectfully moves pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A) for an Order authorizing alternative service upon Defendant DispoJoy LLC ("DispoJoy") by (1) electronic mail directed to ryan@dispojoy.com and (2) certified mail directed to Defendant's known business address at 2518 NW 95th Street, Seattle, Washington 98117.

**BACKGROUND**

Plaintiff commenced this action on July 16, 2025. On May 1, 2026, Plaintiff filed a First Amended Class Action Complaint adding Defendant DispoJoy LLC as a defendant. DispoJoy is a Washington limited liability company that provides marketing, customer engagement, and text-message transmission services, including services performed on behalf of Defendant Dispo Holdings LLC. According to the allegations of the First Amended Complaint, DispoJoy was directly involved in transmitting the text messages at issue in this action. Specifically, DispoJoy transmitted the subject text messages, deployed the messaging

campaigns, maintained control over scheduling and delivery of the messages, and was responsible for opt-out administration and message transmission functions.

Following the filing of the Amended Complaint, Plaintiff undertook diligent efforts to effectuate personal service upon DispoJoy. Plaintiff retained a professional process server to serve DispoJoy at 2518 NW 95th Street, Seattle, Washington 98117, the company's known address. The process server attempted service on four separate occasions:

• May 15, 2026 at 6:12 p.m.;
• May 16, 2026 at 9:09 a.m.;
• May 17, 2026 at 3:25 p.m.; and
• May 18, 2026 at 12:25 p.m.

Despite repeated attempts at varying times and on different days, service could not be completed. During the May 16, 2026 attempt, the process server observed movement and heard voices from within the residence but received no response. During the remaining attempts, no individual answered the door or made contact with the process server. See Affidavit of Nonservice, Exhibit 1. In an effort to avoid additional expense and delay, Plaintiff also transmitted a Notice of Lawsuit and Request for Waiver of Service directly to Ryan Stewart at ryan@dispojoy.com on May 19, 2026.

On May 20, 2026, Mr. Stewart responded by email and expressly acknowledged receipt of the waiver materials, stating: "I acknowledge receipt of your email and the attached waiver materials." Mr. Stewart further advised: "Please direct any immediate scheduling or service-related correspondence to me pending further notice." Mr. Stewart's email demonstrates both actual receipt of the waiver materials and active use of the email address ryan@dispojoy.com for litigation-related communications.

2

Plaintiff and Mr. Stewart have previously exchanged numerous emails concerning this litigation and related discovery matters. In prior correspondence, Mr. Stewart acknowledged receipt of subpoenas directed to DispoJoy, asserted service-related objections, and communicated DispoJoy's litigation positions. Those communications confirm that ryan@dispojoy.com is an active email address regularly utilized by DispoJoy in connection with legal matters. Accordingly, despite diligent efforts, Plaintiff has been unable to complete personal service but possesses a verified and actively monitored email address through which Defendant has repeatedly communicated concerning litigation matters and service-related issues.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(1)(A) permits service upon a corporation or limited liability company in the manner prescribed by Rule 4(e)(1). Rule 4(e)(1) authorizes service pursuant to the law of the state where service is made. Where traditional service methods have proven impracticable, courts may authorize alternative means of service provided the proposed method is reasonably calculated to provide notice consistent with due process. The Due Process Clause requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

## ARGUMENT

### I.     PLAINTIFF HAS EXERCISED REASONABLE DILIGENCE IN ATTEMPTING PERSONAL SERVICE

Plaintiff has undertaken diligent efforts to serve DispoJoy through traditional means. A professional process server attempted service on four separate occasions at varying times over four consecutive days to the only business address made available to DispoJoy. One attempt

3

revealed indications that the premises were occupied, as movement and voices were observed inside the residence, yet no one answered the door. Despite repeated efforts, no individual could be located to accept service. The Affidavit of Nonservice demonstrates that further attempts at personal service are unlikely to be successful and would merely increase costs and delay. *See* Exhibit 1.

## II. SERVICE BY EMAIL IS REASONABLY CALCULATED TO PROVIDE ACTUAL NOTICE

Service via ryan@dispojoy.com satisfies due-process requirements. The email address is not speculative or outdated. Rather, it is the same address Mr. Stewart used to acknowledge receipt of Plaintiff's waiver request and litigation materials on May 20, 2026. Importantly, Mr. Stewart specifically instructed Plaintiff's counsel to direct "service-related correspondence" to him at that email address. Defendant therefore cannot credibly dispute that email communications directed to ryan@dispojoy.com are likely to reach the company.

Federal courts applying Washington law routinely authorize service by email where the plaintiff demonstrates that the email address is active and is used by the defendant in conducting business or litigation-related communications. In *Mighty Dreams LLC v. Shenzhen Beianen Automotive Supplies Co.,* 2025 U.S. Dist. LEXIS 23590, at *5-7 (W.D. Wash. Feb. 10, 2025), the Court authorized service by email where the plaintiff demonstrated that the email addresses were active and capable of receiving communications. Similarly, in *Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store,* No. C21-0766RSM, 2021 WL 4307067 (W.D. Wash. Sept. 22, 2021) and *Amazon.com, Inc. v. Kexlewaterfilters,* No. C22-1120JLR, 2023 WL 3902694 (W.D. Wash. May 31, 2023), courts approved service by email where the evidence demonstrated that defendants actively utilized the identified email addresses. The evidence here is stronger.

Plaintiff possesses direct confirmation from Mr. Stewart that he received the waiver materials, is evaluating the lawsuit, and wishes to receive service-related communications through the email address Plaintiff seeks to use. Accordingly, service by email is reasonably calculated to provide actual notice and satisfies due process.

### III. SERVICE BY CERTIFIED MAIL SHOULD ALSO BE AUTHORIZED

Plaintiff additionally seeks authorization to serve DispoJoy by certified mail directed to:

> DispoJoy LLC
> 2518 NW 95th Street
> Seattle, Washington 98117

Although personal service attempts at that address were unsuccessful, it remains Defendant's known address and the location where Plaintiff repeatedly attempted service. Authorizing service by certified mail in conjunction with email service provides an additional reliable means of notice and further ensures that Defendant receives actual notice of this action. Combined service through email and certified mail is reasonably calculated to apprise Defendant of the pendency of this lawsuit and provide a full opportunity to respond.

### CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

A. Authorizing Plaintiff to serve Defendant DispoJoy LLC by electronic mail directed to ryan@dispojoy.com;

B. Authorizing Plaintiff to additionally serve Defendant by certified mail directed to:

DispoJoy LLC
2518 NW 95th Street
Seattle, Washington 98117;

5

C. Providing that service shall be deemed complete upon transmission of the email and mailing of the certified-mail package;

D. Extending the deadline for service, if necessary, to permit completion of the alternative service authorized by the Court; and

E. Granting such other and further relief as the Court deems just and proper.

Dated: June 23, 2026            PLAINTIFF, on behalf of himself
                                and others similarly situated,

                                */s/ Anthony I. Paronich*
                                Anthony I. Paronich
                                Paronich Law, P.C.
                                350 Lincoln Street, Suite 2400
                                Hingham, MA 02043
                                (508) 221-1510
                                anthony@paronichlaw.com